UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:18-cr-505 |
| | § |
| BRYAN ALDANA, | § |
| Defendant. | § |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Joe Porto, Assistant United States Attorney, and the defendant, Bryan Aldana("Defendant"), and Defendant's counsel, Wendell A. Odom, Jr., pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Indictment. Counts One charges the Defendant with Title 18 U.S.C. §39A- Aiming a Laser Pointer at an Aircraft. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18 U.S.C. §39A- Aiming a Laser Pointer at an Aircraft is a term of imprisonment of not more than 5 years, and/or a fine up to $250,000.00, a term of supervised release of 3 years, and a special assessment of $100.00. Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be

imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Waiver of Appeal and Collateral Review

4. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

5. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

### The United States' Agreements

6. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

> (a)  If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

7. The United States ~~Attorney's Office for the Southern District of Texas~~ of America BA agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. The United States Attorney's Office for the

3

Southern District of Texas will bring this plea agreement to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

8. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

- (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

- (b) to set forth or dispute sentencing factors or facts material to sentencing;

- (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

- (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

- (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

9. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence

4

up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

10. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree;
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and
>
> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

11. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offenses beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

On June 23, 2018, Texas Department of Public Safety (DPS) Agents Everest Leonard and Justin Lopez were flying a Texas DPS helicopter Airbus AS350 B2, call sign DPS-102, on a

routine law enforcement patrol within the special aircraft jurisdiction of the United States and in the SDTX. At approximately 9:00 PM, Airbus AS350 B2 was heading in the northwest direction along highway US-290 when Agent Leonard observed a flash of green light coming from the left side of the aircraft. At the time AIRBUS AS350 B2 was approximately at 1000 feet elevation with a speed of 70-80 knots and in the special aircraft jurisdiction of the United States. Agent Leonard reversed the aircraft back to the southeast direction and was illuminated again by the green laser. The green laser was powerful and lit up the cockpit. The green laser caused a glare in Agent Leonard's eyes and obstructed his vision forcing him turn his head. Subsequently, Agent Leonard had to maneuver Airbus AS350 B2away from the green laser light. At the same time, Agent Lopez activated Airbus AS350 B2 on-board camera to locate the source of the laser. Agent Lopez also had to close and shield his eyes from the flashing green laser inside the cockpit. Agent Lopez was able to locate the source of the green laser with the on-board camera at a business near the intersection of Hollister Road and Pitner Road within the Southern District of Texas (SDTX). At that time, Agent Lopez contacted the Houston Police Department (HPD) requesting patrol units to investigate the scene.

      HPD patrol units arrived at the scene of T&T Food Mart at 3923 Hollister Rd. Houston, Texas, to investigate the incident. An HPD Officer saw several individuals outside on the side parking lot of the T&T Food Mart. There were seven individuals in the side parking lot sitting and standing next to a silver sedan bearing Texas license plate KKR3865. Officers approached and conducted a safety pat down on the individuals. Officers asked if anyone illuminated a helicopter with a green laser. No one admitted to illuminating the helicopter with a green laser. An HPD officer looked in the window of the silver sedan with a flashlight and observed a laser device in the back seat of the silver sedan in "plain view". Officers identified the owner of the vehicle as Jesus Dario Hernandez-Gonzalez. An officer questioned Hernandez-Gonzalez to determine if he owned the laser device, to which he denied.  Officers also identified another suspect named Bryan Aldana, the defendant.

      On June 26, 2018, security camera recordings were obtained through consent to search from the T&T Food Mart owner. Camera 14 is directed at the side parking lot between T&T Food Mart and Washateria at 3923 Hollister Rd. Camera 14 recordings showed an individual sitting in the corner of the Washateria intentionally shining a green laser at approximately 9:05 PM. at Airbus AS350 B2. The individual was wearing a black T-shirt and grey pants. The black T-shirt had a white circle logo in front. The individual was later identified as the defendant Bryan Aldana. From the recordings, Aldana can be seen intentionally aiming a green laser up in the sky several times.

      On June 28, 2018, video recordings of Airbus AS350 B2 onboard camera were obtained from DPS. The recordings showed that:
        a. AIRBUS AS350 B2 was illuminated by a green laser several times at approximately 9:00 PM on June 23, 2018.
        b. The green laser was coming from the side parking lot of a business where several individuals were sitting and standing near a vehicle.
        c. The vehicle was a silver sedan.
        d. The officer patted down the first individual who was standing to the right of Aldana. The officer patted his left side first, then moved to his right side.
        e. As the officer was patting the first individual's right side, Aldana moved his

       hands from the vehicle into his pockets.
  f. Aldana retrieved unknown items from his pockets and looked at them using his body to shield them from the officer's view.
  g. As the officer completed the pat down on the first individual, Aldana placed an unknown item with left hand into the vehicle's back seat and returned his hands back on the vehicle.
  h. The vehicle's windows were rolled down approximately 3 to 4 inches.
  i. After the officer completed the pat down of everyone, officers were seen talking with all individuals present and searching the area.
  j. An officer shined his flashlight into the vehicle backseat and gestured other officers to come look.
  k. An officer opened the rear door of the vehicle and retrieved an item (a laser device).

On July 11, 2018, recordings of HPD officers' body cameras were obtained from HPD. Body camera recordings of Officer (Off.) Fidel Castro showed on June 23, 2018, he made contact with Bryan Aldana upon his arrival at the scene. Aldana told Officer Castro that he told someone else at the scene not to play with it, but they did and they took off after the police arrived. Aldana also said that the police was searching, for the wrong people. Aldana can be seen wearing a black T-shirt and grey shorts. Bryan Aldana was the individual who also recklessly aimed the green laser at AIRBUS AS350 B2 while he was sitting in a chair next to the silver sedan. During the officer's safety pat down, Aldana placed the green laser device through the opening of the silver sedan window on to the backseat.

    The laser was seized and submitted to a NASA PhD scientist to be examined. Dr. Clemett concluded that the laser pointer is a Class IIIB laser system and produces a green "laser beam" which could result in serious and possibly permanent retinal damage.

### Breach of Plea Agreement

12. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

13. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

14. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

15. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

16. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

8

## Restitution

17. Defendant agrees to pay full restitution to the victims regardless of the counts of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of this agreement, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Fines

18. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of this agreement, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

19. This written plea agreement, consisting of 11 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

20. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on ___April 22___, 2019.

___Bryan Aldana___
Bryan Aldana
Defendant

Subscribed and sworn to before me on ___April 22___, 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

RYAN K. PATRICK
United States Attorney

By: _____           _____
Joe Porto                                  Wendell A. Odom, Jr.
Assistant United States Attorney           Attorney for Defendant
Southern District of Texas

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:18-cr-505 |
| BRYAN ALDANA, Defendant. | § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        _____4-3-19_____
Wendell A. Odom, Jr.                              Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____Bryan Aldana_____        _____4-3-19_____
Bryan Aldana                              Date
Defendant

11